IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY B. BLANTON, #0574106 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv481 |
| MEDICAL DEPARTMENT, ET. AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Johnny Blanton, a prisoner confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this civil rights proceeding. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On December 14, 2021, the undersigned issued an order, (Dkt. #4), granting Plaintiff *in forma pauperis* status and directing him to submit an initial, partial filing fee of $185.00 within thirty days from receipt of the order. The order specifically warned Plaintiff that the failure to pay the fee may result in the dismissal of his case. Plaintiff then filed a motion for an extension of time in which to submit the fee, which the undersigned granted on January 21, 2022, (Dkt. #9). In granting the extension, Plaintiff was directed to submit his $185.00 partial filing fee no later than February 22, 2022—and again warned that the failure to comply may result in the dismissal of the case. The docket reflects that Plaintiff received a copy of this order granting him an extension on January 27, 2022, (Dkt. #11). To date, however, Plaintiff has neither submitted the fee nor communicated with the Court concerning any inability to submit the fee.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff failed to comply with the January 21, 2022, order directing him to submit the $185.00 partial filing fee no later than February 22, 2022. Plaintiff's failure to comply is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court. The Court further recommends that the statute of limitations be suspended in this case for a total of 60 days upon issuance of the final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 3rd day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE