IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY B. BLANTON, #0574106 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv481 |
| MEDICAL DEPARTMENT, ET. AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Johnny B. Blanton, a prisoner confined at the Gib Lewis Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights Coffield Unit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns only Defendants' motion to dismiss, (Dkt. #36). Plaintiff did not file a response. For reasons explained below, the Court recommends that Defendants' motion to dismiss be granted, and that Plaintiff's claims be dismissed with prejudice.

**I. Blanton's Amended Complaint**

Blanton's lawsuit concerns his dental care at the Coffield Unit, (Dkt. #27, pg. 2). In his amended complaint, he maintains that he believes his civil rights were violated when Defendants "denied medical," even though he kept sending sick-calls to the medical department. He was denied a sick-call because of COVID-19, as it was not an emergency. Once he was sent to the medical department, they "saw something was really wrong" with his jaw—and that is when "they try to fix what should never [have] happen[ed] at the beginning." *Id*. at pg. 4.

1

Blanton highlights some of his medical records at the Coffield Unit, in which he received two dental examinations on July 31, 2020, and August 11, 2020. *Id*. at pg. 5. He argues that "they could have stop[ped] all of this they would have just sent me to the big X-rays in medical rather than the one in dental." *Id*. As for his requested relief, Blanton states that the court "to be fair." *Id*.

## II. Defendants' Motion to Dismiss

Defendants argue that Blanton failed to state a constitutional claim and failed to allege personal involvement. They also assert that Blanton failed to allege facts sufficient to state a deliberate indifference claim and that his requested relief is not available. Defendants further state that any request for money damages against Defendants in their official capacities is barred by the Eleventh Amendment. The Court notes that Blanton has not responded to the motion to dismiss.

## III. Legal Standards

The United States Court of Appeals for the Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint is frivolous if it lacks an arguable basis in law or fact and/or the complaint is based upon an indisputable meritless legal theory. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir.

2009); *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**IV. Discussion and Analysis**

Defendants' motion to dismiss should be granted. Liberally construed, the Court understands that Blanton is complaining that Defendants violated his rights by acting with deliberate indifference to his serious medical needs—namely, his dental needs.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under section 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme

Court noted that deliberate indifference involves more than mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837.

The Fifth Circuit has discussed the high standard involved in demonstrating deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, "medical records of sick calls, examinations, diagnosis, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Here, taking his claims as true, Blanton alleges no facts sufficient to establish deliberate indifference. While Blanton explains that Defendant Oliver "denied a sick call" and that the medical provider could not "find anything wrong with" his jaw, Blanton explains that he was treated for his jaw—including surgery. He repeatedly asserts that the Defendants could have

4

"stopped this" if they had taken "big X-rays" from the medical department rather than in the dental department; however, such claim demonstrates negligence or Blanton's disagreement with the medical treatment provided. *See Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016) ("Blank's desire to see Dr. Sandknop more often amounts to a disagreement over his treatment, which, as discussed *supra*, does not rise to the level of deliberate indifference."). In other words, Blanton's desire for a different set of X-rays indicates his disagreement with care rather than Defendants' ignoring or refusing to treat him. Similarly, his complaint that a medical provider "could not find anything wrong" with his jaw is a claim of negligence rather than one evincing a constitutional violation.

Blanton's attachments to his complaint refute his claims of deliberate indifference. *See Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) (explaining that a district court's analysis of a motion to dismiss "generally should focus exclusively on what appears in the complaint and its proper attachments."). His own attachments show that he submitted a prison grievance to prison officials complaining about numbness in his jaw, specifically expressing his dissatisfaction with "going backwards and forwards" with both dental and the medical departments, (Dkt. #1, pg. 6). Because of the back and forth, Blanton claimed that his jaw did not heal properly and his bone became infected—"when they could have sent [him] to the X-ray from the beginning!" *Id*.

A prison official responded to his grievance by highlighting Blanton's dental care as follows:

> Per chart review 5/18/20 while staff was conducting temperature rounds you complained of a toothache. You were called out and seen by dental. Your tooth was extracted, and medication was ordered. 6/23 you submitted a sick call concerning Amoxicillin and infected tooth, you were advised that since tooth was pulled no need to antibiotics at this time. 7/6 you submitted a sick call your jaw was numb, and dental stated you would be scheduled an apt. 7/31 you were called out and seen by dental. The dentist ordered x-rays to rule out pathology/fracture. 8/5 the dentist referred you to HG for urgent Oral surgery apt. 8/10 you signed a Refusal of Treatment. 8/11 you were consulted with concerning your refusal and re-referred. 8/19 you arrived at HG. 10/12 you returned to HG for follow up apt and ordered per recommendations slow eating pass, shower shoe pass. 10//20 you signed a Refusal of Treatment for HG Oral Surgery apt.

5

(Dkt. #1, pg. 7). In his follow-up grievance appeal, Blanton again complained that the dental officials did not know what procedure to do and could not figure out what the problem was despite using X-rays. He noted that he had major surgery.

Blanton's medical treatment outlined does not indicate that any Defendants refused to treat him, intentionally treated him incorrectly, or ignored his complaints. Instead, the facts as alleged indicate that Blanton is dissatisfied with *how* medial officials handled his dental problems—particularly purportedly going "back and forth" between the dental and medical departments, the use of certain X-ray machines, and how Defendants should have sent him for X-rays in the beginning. His complaints are those of negligence, at most, rather than deliberate indifference. But negligence on the part of prison officials does not rise to the level of a constitutional violation. *Farmer*, 511 U.S. at 835. Moreover, an official's failure to alleviate a significant risk which he should have perceived, but did not, does not amount to deliberate indifference. *Id*. at 837-38. Deliberate indifference requires more than negligence or even incompetence. *See Boyter v. Brazos Cnty.*, 2011 WL 1157455, at *12 (S.D. Tex. Mar. 28, 2011) ("Even assuming that a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, not deliberate indifference.") (citing *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999)). Even gross negligence is insufficient to illustrate deliberate indifference. *Hernandez v. Tex. Dept' of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).

To the extent that Blanton complains of a delay in a resolution for his dental problems, the Court notes that a delay in medical care or treatment can only constitute an Eighth Amendment violation if there has been deliberate indifference that *results in substantial harm*. *See Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013); *Irby v. Hinkle*, 2023 WL 2524447, at *4 (5th Cir. 2023). A delay in medical care or treatment for non-medical reasons may constitute deliberate

indifference. *See Thibodeaux v. Thomas*, 548 F. App'x 174, 175 (5th Cir. 2013) (per curiam) (concluding that the plaintiff stated a colorable claim of deliberate indifference where his surgery was delayed because prison officials sent him to the wrong facility and failed to file the appropriate paperwork).

Here, however, Blanton fails to allege facts indicating that any Defendant acted with deliberate indifference to his serious medical needs. In other words, Blanton does not allege facts showing that his care was delayed *with* deliberate indifference. While he may be unhappy with the treatment he received, he received dental examinations, X-rays, and ultimately surgery. *See Lewis v. Evans*, 440 F. App'x 263, 265 (5th Cir. 2011) (explaining that the plaintiff alleged no more than negligence and medical malpractice, as "Evans did not ignore Lewis's complaints. Rather, Evans examined Lewis several times in response to his complaints. Although Evans failed to diagnose Lewis's infected ear and folliculitis, it is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.") (internal citation omitted). His claims of deliberate indifference should be dismissed.

To the extent that Blanton sues Defendants in their official capacities, the Eleventh Amendment bars money damages. The Eleventh Amendment bars a suit in federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). Furthermore, because state officials assume the identity of the government that employs them, state officials sued in their official capacity are not liable for damages under section 1983. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Eleventh Amendment bars monetary damages against Defendants in their official capacities and any such claim should be dismissed.

## RECOMMENDATION

For all of these reasons, it is recommended that Defendants' motion to dismiss, (Dkt. #36), be granted and Plaintiff Blanton's claims be dismissed with prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections).

So ORDERED and SIGNED this 3rd day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE